UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-743-F

| | | |
|---|---|---|
| W. GLENN JOHNSON, Administrator of the Estate of BRANDON JOLVON BETHEA, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| JOHN VINCENT CLARK, et al., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the Motion to Strike Defendants' Fourth and Fifth Affirmative Defenses [DE-29] filed by Plaintiff W. Glenn Johnson, Administrator of the Estate of Brandon Jolvon Bethea, deceased. Defendants have responded, and the time for filing a reply has since passed. This motion is therefore ripe for ruling.

## I. FACTUAL AND PROCEDURAL HISTORY

Johnson initiated this action on November 15, 2012, by filing a complaint in this court. Thereafter, Johnson filed the First Amended Complaint on December 11, 2012, alleging claims under 42 U.S.C. § 1983 and North Carolina common law arising out of the March 15, 2011, death of Brandon Jolvon Bethea ("decedent" or "Bethea"). Specifically, Johnson alleges that a detention officer for the Sheriff of Harnett County deployed a taser and shocked Bethea three times on March 15, 2011, while Bethea was being held as a pre-trial detainee at the Harnett County Detention Center. Johnson also alleges that other detention officers failed to come to Bethea's aid, resulting in Bethea's death 25 minutes after the first taser discharge.

In their Answer to Johnson's First Amended Complaint, Defendants asserted five affirmative defenses. The Fourth and Fifth Affirmative Defenses state:

> FOURTH AFFIRMATIVE DEFENSE
> 38. Plaintiff's action is barred due to Bethea's negligence and gross negligence at the time of the incident which constituted a proximate cause of his injuries and death.
> FIFTH AFFIRMATIVE DEFENSE
> 39. The First Amended Complaint fails to state a claim upon which relief can be granted.

Answer [DE-25] p. 6.

Johnson now moves pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike the Fourth and Fifth Affirmative Defenses, arguing the defenses fail to comply with Rule 8 of the Federal Rules of Civil Procedure.[1]

## II. ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that a "court may strike from a pleading an insufficient defense . . . ." FED. R. CIV. P. 12(f). "A defense is insufficient 'if it is clearly invalid as a matter of law.' " *Spell v. McDaniel*, 591 F. Supp. 1090, 1112 (E.D.N.C. 1984)(quoting *Anchor Hocking Corp. v. Jacksonville Elec. Authority*, 419 F.Supp. 992, 1000 (M.D.Fla. 1976)). When reviewing a motion to strike, "the court must view the pleading under attack in a light most favorable to the pleader." *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D.W.Va. 1993).

---

[1] In support of his motion, Johnson submitted two video recordings on DVD showing the exterior and interior of the cell housing Bethea. *See* Notice of Filing of DVDs [DE-31]. It is unclear to the court how a video recording would aid the court in ruling on the motion to strike, and the court has not considered it.

2

The Fourth Circuit has cautioned that "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.' " *Waste Mgmt. Holdings Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)(quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (2d ed. 1990)). Regardless, if a movant can show that a defense clearly is insufficient, the court should grant the motion to strike. *See Spell*, 591 F.Supp. at 1112. Given the disfavored status of Rule 12 (f) motions to strike defenses, however, a defendant normally is allowed leave to amend the answer. *Banks v. Realty Mgmt. Serv. Inc.*, No. 1:10-CV-14, 2010 WL 420037, at *1 (E.D.Va. Jan. 29, 2010)(citing 5C WRIGHT & MILLER § 1381).

In this case, Johnson argues that Defendants' Fourth and Firth Affirmative Defenses must be stricken because Defendants have failed to allege sufficient facts to provide Johnson with sufficient notice of the affirmative defenses in question. In so doing, Johnson relies on this court's decision in *Racick v. Dominion Law Associates*, 270 F.R.D. 228 (E.D.N.C. 2010), where the undersigned concluded that the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies equally to complaints and affirmative defenses. Johnson contends that Defendants failed to include any factual allegations which support their invocation of contributory negligence, gross negligence, and failure to state a claim.

Defendants do not argue that the challenged affirmative defenses satisfy the *Twombly-Iqbal* pleading requirements. Rather, Defendants suggest that this court should reverse course from its decision in *Racick* and instead allow conclusory defenses to stand.

3

This the court declines to do. For the reasons stated on pages five through nine of Johnson's Memorandum of Law in Support of Plaintiff's Motion to Strike [DE-30], Johnson's Motion [DE-29] is ALLOWED, and the Fourth and Fifth Affirmative Defenses are stricken. Defendants, however, are permitted to file an amended answer within fourteen days of the filing date of this order.

### III. CONCLUSION

For the foregoing reasons, the Motion to Strike Defendants' Fourth and Fifth Affirmative Defenses [DE-29] is ALLOWED, and the Fourth and Fifth Affirmative Defenses are stricken. Defendants, however, are permitted to file an amended answer within fourteen days of the filing date of this order.

SO ORDERED.

This the 8th day of July, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge